IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV810-GCM
(3:03-cr-134-GCM-CH-7)

PJ JAMAL GILYARD,        )
                               )
      Petitioner,         )
                               )
        vs.            )        **O R D E R**
                               )
UNITED STATES OF AMERICA,  )
                               )
      Respondent.      )
_____ )

      **THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1).  For the reasons that follow, the

Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the

Motion to Vacate.[1]

    **1. BACKGROUND**

      On March 11, 2005, Petitioner pled guilty to conspiracy to possess with intent to

distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 21 U.S.C. §

846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C); and

possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §

841(b)(1)(B).  (Case No. 3:03cr134, Doc. No. 147: Entry and Acceptance of Guilty Plea; Doc.

No. 214: Judgment).  On November 11, 2006, this Court sentenced Petitioner to 188 months'

imprisonment.  (Id., Doc. No. 214: Judgment).

      On November 16, 2007, Petitioner filed a Section 2255 motion to vacate, which this

---

[1]  On December 20, 2012, the Federal Defenders Office filed a Notice of Intent to Conduct a Simmons Review within 45 days.  (Doc. No. 2).  Regardless of whether Petitioner would be entitled to Simmons relief, this Court does not have jurisdiction to entertain this unauthorized, successive petition.  Therefore, there is no need to hold this matter in abeyance until the Federal Defenders Office has conducted a Simmons review.

Court denied and dismissed on November 20, 2007.  (Case No. 3:03cr134, Doc. Nos. 246; 247:

Civil No. 3:07cv488).  On October 8, 2009, the Fourth Circuit dismissed Petitioner's appeal of

the Court's Order denying the motion to vacate.  United States v. Gilyard, 346 Fed. App'x 919

(4th Cir. 2009).

On November 20, 2012, Petitioner placed the instant petition in the prison mail system,

and the motion was stamp-filed in this Court on December 20, 2012.

## II.   DISCUSSION

Petitioner filed the instant Motion to Vacate on November 20, 2012, seeking to have the

Court vacate his conviction and sentence in Criminal Case No. 3:03cr134.  As noted, Petitioner

filed a previous motion to vacate the same conviction and sentence on November 16, 2007.

Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and

sentence in Criminal Case No 3:03cr134.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application."  Thus,

Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any

second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has

obtained the permission of the Fourth Circuit to file a successive petition.  See also 28 U.S.C. §

2255(h) (stating that "[a] second or successive motion must be certified as provided in section

2244 by a panel of the appropriate court of appeals").  Indeed, on January 13, 2011, and again on

July 12, 2012, the Fourth Circuit denied Petitioner's motions to file a successive petition.  (Case

No. 3:03cr134, Doc. Nos. 321; 352).  Accordingly, this unauthorized, successive petition must be

dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to

obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). <u>Accord</u> <u>Everette v. United States</u>, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011)).

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2.   **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 18, 2013

Graham C. Mullen
United States District Judge